### In re WINCHESTER.

(District Court, W. D. Pennsylvania. August 7, 1907.)

No. 1,909.

BANKRUPTCY—DISCHARGE—CONCEALMENT OF ASSETS.

A bankrupt cannot be refused a discharge on the ground of fraudulent concealment of assets because of his failure to state in his schedules, or to advise his trustee of the fact, that he had expended money in the improvement of property owned by his wife, where in a plenary suit by the trustee against the wife it was determined that the creditors had no lien upon or interest in the property because of such expenditure.

In Bankruptcy. On application for discharge.

T. S. Woodruff and C. L. Baker, for bankrupt.
D. A. Sawdey, for objecting creditors.

EWING, District Judge. On July 12, 1902, Winchester filed a voluntary petition in bankruptcy, and in that same fall presented his petition for discharge, to which objections were filed by one C. Smalley, a creditor. The matter was referred to Joseph M. Force, referee, as special master, and on June 10, 1903, he filed his report, finding that the bankrupt was guilty of a fraudulent concealment of assets within the meaning of the act of Congress, and recommending that his application for discharge be refused. To this report exceptions were filed by the bankrupt, and the matter only came before the court for hearing the middle of last month during the session in Erie.

The act of fraudulent concealment which the special master finds the bankrupt to have been guilty of was his failure to enumerate in his schedules of assets and to advise the trustee of the fact that he had during the year preceding his petition in bankruptcy expended some $2,000, funds received by him from his father's estate, in the improvement of property of his wife. It seems that the bankrupt's father in the fall of 1900 conveyed to the bankrupt's wife a lot of ground on which was an old house, and died shortly thereafter. By his death the bankrupt inherited some $3,000 from his father's estate, and it was a portion of this fund which he expended in the spring and summer of 1901 in the improvement of his wife's property, pursuant, in fact, to a desire expressed by his father that he should thus make the house habitable and a comfortable home for his family. Under these circumstances, and the expenditure having been made so long prior to the proceeding in bankruptcy, it is a very serious question whether there really was any intent, fraudulent in fact or in law, on the part

of the bankrupt to conceal assets from his creditors when he made no statement of this expenditure to the trustee or in his schedule of assets. Subsequent, however, to the report of the master, and by leave of this court, the trustee filed a bill in equity in the court of common pleas of Erie county against the bankrupt and his wife for the purpose of charging her property, for the benefit of the creditors of the bankrupt, with the amount of money he had expended in these improvements. That case was concluded by decree entered December 31, 1906, dismissing the bill, from which decree it does not appear that any appeal was taken.

In his finding and opinion the judge sitting in that case found that at the time these improvements were begun and up until July of that year (1901), when they were completed, the bankrupt's credit was good, although he was insolvent when they were finished; but all of the claims for work and materials used in said improvements have been paid, a portion thereof out of money borrowed by the bankrupt for that purpose, for some of which at least he gave satisfactory security. Among the security thus given was a judgment for $300, which constituted the first lien on the real estate inherited from his father and an additional piece purchased by the bankrupt himself, and a mortgage for $600, which constituted a second lien upon said real estate. And he further finds that, when said improvements were begun, said Winchester did not know what they would cost, that he contracted for the labor and materials and it was very improvident to spend so much on the old house, but that his wife, Mrs. Winchester, supposed him to be perfectly solvent and never conspired with him to defraud his creditors, had no thought that his improving her property would result in his insolvency, and that there is nothing to show bad faith on her part at any time, and concluded as matter of law that the bankrupt's general creditors have no lien upon the real estate of Mrs. Winchester by reason of his expenditures and improvement of her real estate, as there was no connivance on her part, and she had no knowledge of his failing circumstances when such improvements were made and consented to. In view of this plenary action before a court of competent jurisdiction, the record of which was introduced into this case upon the argument on the exceptions to the report of the special master, there seems to be no reason now for the conclusion arrived at by him upon the less complete and partial hearing had before him, but that the decree in the equity proceedings should control. That decree virtually determines that the bankrupt had no interest in the real estate of his wife subject to the claim of his creditors, and consequently in failing to disclose the expenditures he had made in making these improvements he cannot be guilty of a concealment of assets. This was the only objection urged against him found valid by the report of the master.

The exceptions to the report of the master are therefore sustained, the exceptions to the discharge overruled and dismissed, and the discharge granted.